GUIDRY, Judge.
PEREMPTORY EXCEPTION OF RES JUDICATA OR, ALTERNATIVELY, MOTION TO REMAND
Defendants-appellees, W.B. Nethery and American Employers Insurance Company, move to have the instant appeal dismissed on the ground of res judicata or, alternatively, to remand the case for a trial of this exception.
Judgment in the instant case was rendered by the trial court on January 30, 1989. This judgment was in favor of plaintiff-appellant, Connie Ficklin. A judgment in accordance with this ruling was signed by the trial court on February 13, 1989.
Appellant was allegedly sent a check in full satisfaction of this judgment on February 21, 1989. A letter of receipt and of satisfaction of judgment allegedly accompanied the check. Further, appellees contend that this check has subsequently been negotiated. Thus, appellees argue that a transaction or compromise has occurred and, therefore, move that appellant’s exception of res judicata be sustained and this appeal be dismissed.
La.Code Civ.Proc. Art. 2163 provides that:
“The appellate court may consider the peremptory exception filed for the first time in that court, if pleaded prior to a submission of the case for a decision, and if proof of the ground of the exception appears of record.
*968 “If the ground for the peremptory exception pleaded in the appellate court is prescription, the plaintiff may demand that the case be remanded to the trial court for trial of the exception.”
The proof supporting appellees’ exception and motion does not appear of record. However, a remand of this case is unnecessary as appellees’ argument lacks any basis in law.
Payment of the judgment rendered against defendant-appellees stopped the accrual of interest on the judgment. However, this payment cannot be considered as a bar to the appeal rights of the appellant as appellant had the right to execute on the money judgment once the delays for a sus-pensive appeal by appellees had run. La. Code Civ.Proc. Art. 2252. Therefore, ap-pellees’ motions are dismissed at their cost.
MOTIONS DENIED.